UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
JUAN-ALBERTO RUIZ RODRIGUEZ,   : CASE NO. 1:18-CV-01124
:
      Plaintiff,   :
:
vs.   : OPINION & ORDER
: [Resolving Doc. No. 1]
STATE OF OHIO, *et al.*,   :
:
      Defendants.   :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Juan-Alberto Ruiz Rodriguez filed this action against the State of Ohio, Cuyahoga County Assistant Prosecutor Pinkey Carr, and Defense Attorney Patricia London. The Complaint is composed entirely of meaningless rhetoric. It contains no discernable factual allegations and no discernable legal claims against the Defendants. Plaintiff attaches documents purporting to be filed under the Uniform Commercial Code, and a 2007 sentencing entry from a criminal action against him in the Cuyahoga County Court of Common Pleas. Notably, Carr was the prosecutor in that case and London was Plaintiff's attorney. He asks that this criminal case be vacated for lack of subject matter jurisdiction and that he be released from custody.

## I. Legal Standard

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court

concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief.[1]

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff appears to be challenging the validity of his 2007 conviction in Cuyahoga County. His sole remedy for this purpose in federal court is habeas corpus.[2] The Uniform Commercial Code does not provide a basis for relief from a criminal conviction or sentence.

---

[1] 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims)

[2] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent Plaintiff is attempting to pursue some other kind of claim, he failed to state a claim upon which relief may be granted. To meet basic notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff does not allege facts, nor does he assert any discernable legal claim.

### IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: August 13, 2018          *s/   James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

3