UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------

|  |  |
|---|---|
| JUAN-ALBERTO RUIZ RODRIGUEZ, | : CASE NO. 1:18-CV-01124 |
| Plaintiff, | : |
| vs. | : OPINION & ORDER |
|  | : [Resolving Doc. Nos. 11, 13] |
| STATE OF OHIO, *et al.*, | : |
| Defendants. | : |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff moves the Court to reconsider its judgment dismissing this action for failure to state a claim upon which relief may be granted.[1] For the following reasons, the Court DENIES the Plaintiff's Motions.

Plaintiff filed this action on May 15, 2018. The Complaint was composed entirely of meaningless rhetoric and listed no factual allegations or actual legal claims. It appeared from the attachments to the Complaint that Plaintiff Rodriguez was attempting to challenge his 2007 conviction with documents he seemingly created under the Uniform Commercial Code ("UCC"). With his complaint, Rodriguez seeks release from prison.

This Court dismissed the action under 28 U.S.C. § 1915A, saying Rodriguez' only federal remedy for challenging his state court conviction was habeas corpus.[2] This Court

---

[1]    Doc. Nos. 11 and 13.
[2]    *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

also found that to the extent Rodriguez was attempting to pursue some other kind of claim, he failed to state a claim upon which relief may be granted.

Plaintiff filed two Motions seeking reconsideration of this judgment, contending his case had merit. He once again argues his UCC documents demonstrated the "debt alleged against him had already been satisfied," depriving the Cuyahoga County Court of Common Pleas of jurisdiction to prosecute him. He seeks relief from judgment under Rule 60(b)(1), (4) and (5).

Under Federal Rule of Civil Procedure Rule 60(b), a district court may grant a Motion for Relief from the Judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) does not present a litigant with a second opportunity to rephrase prior allegations.[3]

Plaintiff's Motions do not show any basis for Rule 60(b) relief. He does not demonstrate an error of law for relief under subsection (1). The judgment to which

---

[3] *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (1998).

2

subsections (4) and (5) refer is the judgment of this Court. Plaintiff uses these provisions to restate his position that his state court conviction is void because his debt was satisfied under the UCC. The Court considered and rejected these arguments. They do not entitle him to relief from this Court's judgment.

Accordingly, the Motion for Reconsideration[4] and his Order for Non-Response of Jurisdictional Issues[5] are DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.


Dated: March 12, 2019          *s/    James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[4] Doc. No. 11
[5] Doc. No. 13
[6] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.